United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EMMY SCHARLATT,

      Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

      Defendant.
_____/

No. C 04-04724 PJH

**ORDER RE: MOTION TO ALTER FEE AWARD**

On November 21, 2008, the court awarded plaintiff's attorney, Marc Kalagian, $9,900.00 in attorney's fees. Because Kalagian had already been awarded $3,600.00 pursuant to the Equal Access to Justice Act ("EAJA"), he was only due an additional $6,300.00 following the court's November 21, 2008 order.

In his motion for fees, Kalagian noted that in accordance with the Commissioner's internal guidelines, Scharlatt had been advised that the administration was withholding $15,236.75, or 25% of her award on remand, in the event that Scharlatt's attorney's fees were approved, and that the Commissioner continues to withhold those funds. *See* Kalagian Decl., Exh. 3. Because of the prejudice resulting to Scharlatt from Kalagian's delay in filing his fee motion, in its November 21, 2008 order, the court required the Commissioner to deduct from Kalagian's fee, an amount equal to the interest on the remaining $8,936.75 owed to Scharlatt, as calculated pursuant to the statutory interest rate, beginning March 23, 2007, sixty days after the date of Scharlatt's award on remand, through July 23, 2008, the day that Kalagian filed the instant motion for attorney's fees, and to add that amount to the $8,936.75 owed to Scharlatt.

Three days later, on November 24, 2008, Kalagian subsequently filed a motion to

alter the fee award. He claims that there is actually $8,300 less in Scharlatt's withheld award than previously noted, and that Scharlatt is entitled to interest on $636.75 instead of $8,936.75. In support, Kalagian asserts that "as stated in his motion for attorneys' fees, hearing counsel at the remand hearing sought attorneys' fees in the amount of $5,300." Kalagian, however, fails – in the instant motion *or* in his prior motion – to adequately explain who "hearing counsel" is, the role of "hearing counsel" in this case, or the impact of hearing counsel's alleged fees on the amount of Scharlatt's award that the Commissioner is withholding. He also asserts that an additional $3,000 fee petition has been filed with the Commissioner below. Again, Kalagian fails to adequately explain what this $3,000 fee petition represents and/or its impact on the amount of Scharlatt's award that the Commissioner is withholding. Without additional facts and explanation, the court declines to alter the fee award issued.

If Kalagian wishes for this court to further consider his motion to alter the fee award, he is ORDERED to submit a supplemental brief and/or declaration **no later than December 29, 2008** answering the above questions, and adequately explaining the procedure below, the relationship between the various fee applications below with Kalagian's motion before this court, the status of any fee requests below and whether or not those fees have already been disbursed from Scharlatt's award, and *why* and *how* those fee requests should impact this court's November 21, 2008 order.

**IT IS SO ORDERED.**

Dated: December 12, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge